Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS




CEMEX OF EL PASO, INC.,

CEMEX, INC., and CEMEX
CONSTRUCTION MATERIALS, L.P.,


 Appellants,


v.


EDUARDO TARIN,


 Appellee. 

§


 


§


 


§


 


§


 


§



§

No. 08-07-00335-CV



Appeal from


 County Court at Law No. 6 


of El Paso County, Texas


(TC #2006-3580)




MEMORANDUM OPINION



 Pending before the Court is the amended joint motion of Appellants, Cemex of El Paso, Inc.,
Cemex, Inc., and Cemex Construction Materials L.P., and Appellee, Eduardo Tarin, to vacate the
trial court's judgment and release the surety on the supersedeas bond because the parties have
entered into a settlement agreement. In their original motion, the parties requested that we also
dismiss the appeal. By letter, we notified the parties that we could not vacate the trial court's
judgment and dismiss the appeal, and the parties responded by filing an amended motion which
omitted the request to dismiss the appeal.

 An intermediate court of appeals is authorized to vacate the trial court's judgment and
dismiss the underlying case. See Tex.R.App.P. 43.2(e)(in its judgment, the court of appeals may
vacate the trial court's judgment and dismiss the case). Further, Rule 42.1 of the Texas Rules of
Appellate Procedure permits an appellate court to dispose of an appeal pursuant to an agreement of
the parties. Tex.R.App.P. 42.1(a)(2). We may render judgment effectuating the parties' agreement,
set aside the trial court's judgment, and remand the case to the trial court for rendition of judgment
in accordance with the agreement, or abate the appeal and permit proceedings in the trial court to
effectuate the agreement. Tex.R.App.P. 42.(1)(a)(2). While we are authorized to vacate the trial
court's judgment and dismiss the underlying case, we are unable to both vacate the trial court's
judgment and dismiss the appeal. The parties have not requested that we dismiss the underlying
case.

 Accordingly, we grant the motion to dispose of the appeal in accordance with the parties'
agreement. The judgment of the trial court is vacated. The clerk of the trial court shall release the
surety, Travelers Casualty and Surety Company of America, from further liability on the supersedeas
bond filed in the case. Because the parties have not made an agreement regarding costs on appeal,
we tax those costs against Appellant. See Tex.R.App.P. 42.1(d)(absent agreement of the parties, the
court will tax costs against the appellant).


March 13, 2008 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.